IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| FELIX ORIAKHI | : | |
|     Petitioner | | Civil Action No. PJM- 08-893 |
| | : | Criminal Action No.  PJM-90-72 |
|     v. | | |
| | : | |
| UNITED STATES OF AMERICA | | |
|     Respondent | : | |

ooOoo

**MEMORANDUM OPINION**

Pending is Felix Oriakhi's Petition for Writ of Audita Querela pursuant to the All Writs Act, 28 U.S.C. 1651.   The Court will deny the Petition by separate Order.

**Background**

Oriakhi was convicted by a jury in 1990 of conspiracy to possess and distribute heroin and related offenses.  This Court sentenced him to 460 months incarceration.  Oriakhi has filed numerous and unsuccessful post-conviction motions to challenge his sentence. *See infra*, note 2.

**Analysis**

Oriakhi submits that his sentence violates the holding in *United States v. Booker*, 543 U.S. 220 (2005).  He relies on a recent federal district court ruling in *Kessack v. United States*, 2008 WL 189679 (W.D. Wash. January 8, 2008) for support.  In *Kessack*, the United States District Court for the Western District of Washington suggested that although *Booker* is not applied retroactively in habeas cases, the Writ of Audita Querela might be used "to achieve justice in extraordinary situations" where other post-conviction remedies are unavailable."   The *Kessack* court ordered the petitioner in that case resentenced under 18 U.S.C. §3582(c)(2) "because *Booker* announced a new rule of constitutional law that was unforeseeable at the time of his resentencing, appeal and habeas petitions."

The *Kessack* opinion characterized the case as presenting "truly unique circumstances" and equities unique to that defendant. *See* 2008 WL 1 89679. *5. The Washington federal district court noted that Kessack was subject to a sentence substantially greater than his co-defendants. "Despite the passage of eighteen years since the trial and sentencing of Mr. Kessack, this sentencing judge vividly remembers the facts and circumstances of the case and believes that a grave injustice is occurring as a result of Mr. Kessack' 30-year sentence, which was then imposed pursuant to the then-mandatory Federal Sentencing Guidelines now declared unconstitutional." *Id.*

Oriakhi's petition, citing to *Kessack* lacks merit for several reasons. First, *Kessack*, is neither binding precedent upon this Court nor instructive given the facts presented here.[1] Second, the Petition fails to suggest circumstances truly unique to Oriakhi. Third, audita querela is not available to challenge a conviction or sentence where these contentions could have been raised pursuant to 28 U.S.C. §2255. *See Carlisle v. United States,* 517 U.S. 416, 429 (1996) (quoting *Pennsylvania Bureau of Correction v. United States Marshal Service*, 474 U.S. 34, 43 (1985)) that "'[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute.'" and "'[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act , that is controlling.'"). *Carlisle*, 517 U.S. at 429. Where, as here, a petition clearly challenges the validity of a petitioner's underlying sentence, a §2255 motion is the appropriate legal proceeding to request relief. *See In re Jones*, 226 F.3d 328, 332 (4th Cir. 2000); *In re Vial*, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997) (*en banc*). Resorting to the residual authority of the All Writs Act is unnecessary and improper. Regardless of the label used by Petitioner, the subject matter of the motion, and not the title he assigns, determines its status. *See*

---

[1] The ruling in *Kessack* has neither been considered by the United States Court of Appeals for the Eighth Circuit nor relied upon by other district courts to grant the writ. *See United States v. Cox*, 2008 WL 927695 (E.D. Ark, April 3, 2008).

*Calderon v. Thompson*, 523 U.S. 538, 554 (1998); *see also United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003) (courts must not allow prisoners to circumvent procedural and substantive limitations on successive §2255 petitions by attaching other labels to the pleading). Because Oriakhi has submitted prior §2255 motions,[2] he must first obtain leave from the United States Court of Appeals for the Fourth Circuit to file a successive §2255 petition.

The writ cannot be obtained on purely equitable grounds. *See United States v. Hovespian*, 359 F.3d 1144, 1154 (9th Cir. 2004); *United States v. Holder*, 936 F. 2d 1, 5 (1st Cir. 1991). Finally, *Booker* is not retroactive, and does not apply to federal collateral proceedings where, as here, the conviction became final before *Booker* was decided. *See United States v. Morris*, 429 F.3d 65 (4th Cir. 2005). As such, Oriakhi fails to present a colorable claim of constitutional violation to warrant the writ.

**Conclusion**

For these reasons, the Writ of Audita Querela will not lie. A separate Order consistent with this Memorandum Opinion follows.

April 15, 2008

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

---

[2] *See Oriakhi v. United States.* Civil Action PJM-05-3389; *Oriakhi v. United States,* Civil Action PJM-02-2606; Oriakhi v. United States, Civil Action PJM-02-2602; *Oriakhi v. United States*, Civil Action PJM-01-2747; *Oriakhi v. United States,* Civil Action 98-3445; *Oriakhi, v United States,* Civil Action PJM-00-2475; *Oriakhi v, United States*, Civil Action 97-656; *Oriakhi v United States*, Civil Action 93-1616; *Oriakhi v. United States*, Civil Action PJM-92-2243 (D. Md.).